IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEITH JAMES SEXTON,

    Plaintiff,

v.                                    CASE NO. 5:14-cv-38-RS-GRJ

UNITED STATES OF AMERICA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding *pro se*, has filed a Second Amended Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (Doc. 13.)  Plaintiff claims that he has been denied treatment for Dercums' disease, a condition that has caused dozens of painful tumors throughout his body.  Plaintiff is currently incarcerated at FCI Marianna, where he alleges that Defendant Lopez, clinical director, denied him treatment and threatened to keep him in "the hole" for complaining about medical treatment; medical provider Hassan denied him treatment; and Assistant Warden Lowe asked ignored his requests for treatment.  (Doc. 13.)  Plaintiff also names as defendants the United States; Bureau of Prisons (BOP) Director Charles E. Samuels Jr.; U.S. Attorney General Eric Holder; and BOP Regional Director South Central G. Maldanado.[1]  Plaintiff alleges that his Eighth Amendment rights have been violated and seeks $3,000,000.00 in damages, surgery to remove his tumors, pain management, and after care as needed.  (*Id.*)

---

[1]Plaintiff also lists FCI Marianna Warden Paige Augustine as a defendant, but has included a note that states "Please remove Ms. Augustine as a Defendant.  I have had no direct contact w/ her concerning this."  (Doc. 13, p. 3.)

Page 2 of 5

Plaintiff has been granted leave to proceed as a pauper (Doc. 6), and this case is before the Court for screening pursuant to 28 U.S.C. § 1915A(a), which provides that a federal court must screen prisoner complaints which seek redress from a governmental entity or officer or employee of such an entity. Section 1915A(b) requires the court to dismiss a prisoner complaint that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. For the reasons discussed below, it is recommended that the claims against Bureau of Prisons (BOP) Director Charles E. Samuels Jr.; U.S. Attorney General Eric Holder; and BOP Regional Director South Central G. Maldanado be dismissed for failure to state a claim upon which relief may be granted and that Plaintiff's claims against the United States be dismissed for seeking monetary relief from an immune defendant. Service will be directed on Plaintiff's behalf as to the remaining defendants (Lopez, Hassan, and Lowe) by separate order.

## Standard of Review

To state a claim for relief that will survive a motion to dismiss or screening by the Court, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*.; *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims

"across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

In *Bivens*, the Supreme Court held that injured plaintiffs can bring a cause of action for damages against individual federal officers based on violations of constitutional rights. *Bivens* involved alleged violations of the Fourth Amendment, but the Supreme Court has also allowed *Bivens* actions for violations of other constitutional rights.  See *Davis v. Passman*, 442 U.S. 228 (1979) (equal protection component of the Fifth Amendment's Due Process Clause); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment's cruel and unusual punishments clause).

## Discussion

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Under *Iqbal*, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*, 556 U.S. at 677.  "[S]upervisors are liable under [section] 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" *Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (quoting *Keating v. City of Miami*, 598 F.3d 753, 762

(11th Cir. 2010)).  Facts sufficient to establish a causal connection include those "which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Keating*, 598 F.3d at 762 (internal quotation omitted).  Further, the factual allegations of the complaint must plausibly show that the supervisory official acted with the same mental state required to establish a constitutional violation against his subordinate.  *See Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1097 (9th Cir. 2013).  The Second Amended Complaint is devoid of such allegations regarding Defendants Samuels, Holder, or Maldanado.  Accordingly, these Defendants are due to be dismissed from the case.

As to Plaintiff's claim against the United States, it is well settled that the United States, as a sovereign, is immune from suit unless it has consented to be sued.  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Plaintiff seeks relief under the Eighth Amendment, and therefore the United States is not a proper party to this *Bivens* action and is due to be dismissed.[2]

## Conclusion

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's claims against Defendants Samuels, Holder, and Maldanado be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and that Plaintiff's claims against the United States be **DISMISSED** pursuant to 28

---

[2]Although the Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity for tort actions, Plaintiff has made clear in the three versions of his complaint that he is seeking relief solely under the Eighth Amendment.

U.S.C § 1915(e)(2)(B)(iii) for seeking monetary relief from against a defendant who is immune from such relief.

**IN CHAMBERS** in Gainesville, Florida, on the 16th day of May 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.